IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTINA HIBBERT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16-cv-3028 |
| LEO P. SCHMITZ, et al., | ) ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Christina Hibbert's Motion for Leave to File Amended Complaint (d/e 17). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Plaintiff Hibbert was a civilian employee of the Illinois State Police. The Defendants were officers of the Illinois State Police. On several occasions in October, November, and December of 2014, Hibbert had sex with Illinois State Police Master Seargent Anthony L. McClure in the Illinois State Police headquarters office building. McClure and Hibbert had sex in a closed conference room during working hours. In November and December of 2014, Defendant Agnes Kindred-Johnson arranged for

installation of video cameras in the conference room to establish that McClure and Hibbert were having sex in the office during working hours.

The Illinois State Police went through an extensive administrative process to terminate McClure. During the course of the administrative proceedings, the Defendants subpoenaed Hibbert's personal cell phone. McClure was ultimately terminated. Hibbert was also terminated.

Hibbert brought this action alleging two counts. Complaint (d/e 1). She alleged that securing her phone through use of a subpoena violated her rights under the Fourth Amendment. Complaint, Count I. She also alleged that under the Fourth Amendment, she had a reasonable expectation of privacy to have sex in an Illinois State Police conference room, and Defendants violated her right by installing video cameras and recording her sexual activities. Complaint, Count II.

The Court issued a Scheduling Order on February 17, 2017 (d/e 14). The Scheduling Order set May 15, 2017, as the deadline for amending pleadings or adding parties, and December 15, 2017, as the deadline for completing discovery. Scheduling Order, at 1-2. On September 27, 2017, the Court extended the deadline to complete discovery to February 15, 2018. Text Order entered September 27, 2017.

On January 18, 2018, Hibbert took the deposition of Defendant Kindred-Johnson. Kindred-Johnson testified that she set up the video cameras in November and December 2014. She also testified that Illinois State Police Deputy Director Bryan Ley set up cameras in the conference room in October 2014. The cameras that Ley set up also recorded Hibbert having sex with McClure. <u>Memorandum of Law in Support of Motion for Leave to File Amended Complaint</u>, at 1-2.

Hibbert did not know about the October 2014 video recordings until the January 2018 deposition. Hibbert states that the October 2014 recordings were not disclosed in McClure's administrative proceedings or in discovery prior to this deposition. <u>Id.</u> at 3. Defendants do not dispute this. See <u>Response to Plaintiff's Motion to Amend (d/e 19) (Response)</u>, at 6-7.

On February 15, 2018, the Court extended the deadline to complete discovery to March 15, 2018. <u>Text Order entered February 15, 2018</u>. On March 14, 2018, Hibbert deposed Ley and confirmed that he installed the cameras and recorded her and McClure in October 2014.

On March 15, 2018, Hibbert filed the Motion to amend her complaint to add Ley as a defendant and to add an additional Count III, claiming violation of Hibbert's Fourth Amendment rights based on substantially the same theory as Count II. Defendants oppose the Motion.

ANALYSIS

Hibbert seeks to amend the pleadings and add a party after the May 15, 2017 deadline in the Scheduling Order. Hibbert must first establish good cause to amend the Scheduling Order before she may proceed with the Motion. Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). Hibbert claims she had good cause because she did not know of the possibility that Ley placed cameras in the conference room and recorded her having sex until January 2018, and she did not confirm that fact until she deposed Ley in March 2018. Ley's recording of her in October 2014 was not disclosed in any of the administrative proceedings or in earlier discovery in this proceeding. The Court finds that discovery on new evidence such as this is sufficient to constitute good cause. See Direct Enterprises Inc. v. Sensient Colors LLC, 2017 WL 2985623, at *3 (S.D. Ind. July 13 2017); Armitage v. Apex Control Systems, Inc., 2010 WL 4318846, at *1 (S.D. Ind. October 26, 2010).

The Defendants argue Hibbert did not have good cause because she did not act diligently. She delayed filing the motion until 10 months after the May 15, 2017 deadline to amend. In support of this argument, Defendants cite Bell v. Taylor, 827 F.3d 699 (7th Cir. 2016). In Bell, however, the plaintiff discovered the new evidence in April 2013. The

deadline to amend was set on July 15, 2013. The plaintiff did not file the motion to amend until March 2014. Bell, 827 F.3d at 705. Hibbert did not discover the information until after the deadline passed and filed the motion promptly after deposing Ley. The Bell case does not apply.

The other cases cited by Defendants did not involve discovery of new evidence. Most involved motions to amend in response to dispositive motions or an adverse dispositive order. See Alioto, 651 F.3d at 718-19; Adams v. City of Indianapolis, 742 F.3d 720, 723 (7th Cir. 2014) (motion filed in response to motion for judgment on the pleadings); Carroll v. Stryker Corp., 658 F.3d 675, 684 (7th Cir. 2011) (motion filed in response to motion to dismiss); CMFG Life Ins. Co. v. RBS Securities, Inc., 799 F.3d 729, 749 (7th Cir. 2015) (motion filed in response to entry of summary judgment). One case involved amending to add new claims after the plaintiff secured a right to sue letter from the EEOC. Arrigo v. Link, 836 F.3d 787, 797-98 (7th Cir. 2016). The Arrigo case did not involve discovery of new evidence.

The Court finds good cause for filing the Motion after the deadline in the Scheduling Order.

The Court will generally allow requests to amend freely when justice requires. Fed. R. Civ. P. 15(a)(2). The Court may deny requests to amend

pleadings for several reasons, including undue delay, undue prejudice to defendants, and a proposed amendment that is futile.  See Mulvania v. Sheriff of Rock Island County, 850 F.3d 849, 854 (7th Cir. 2017).

The Motion presents a close question whether the amendment is futile.   The statute of limitations is two years, and Hibbert brought this claim against Ley four years after the relevant events occurred.  See Smith v. City of Chicago Heights, 951 F.2d 834, 8836 n.1 (7th Cir. 1992).  Hibbert states she is entitled to equitable tolling.  The availability of equitable tolling will depend on Hibbert's diligence in discovering her claim against Ley.  See Id. at 839.  Hibbert discovered the existence of this evidence in January 2018, a few months before the end of fact discovery.  The Defendants state that Hibbert did not begin conducting discovery until January 2018.  See Response, at 7.  The delay in conducting discovery will make her equitable tolling argument factually challenging.  The Court, however, will not say at this point that the assertion of equitable tolling would be futile.

Hibbert may also be unable to establish that she had a reasonable expectation of privacy.  An employee may under appropriate circumstances, have an expectation of privacy at her workplace for some purposes.  O'Connor v. Ortega, 480 U.S. 709, 716-17 (1987).  The scope

of that expectation, however, is dependent on the circumstances.  See e.g., Chicago Fire Fighters Union, Local 2, 717 F.Supp. 1314, 1318-19 (N.D. Ill. 1989).  Even if Hibbert can prove that she had a reasonable expectation of privacy to have sex at work with a co-worker during working hours, she must also demonstrate that such an expectation of privacy was clearly established in October 2014.  Otherwise, Ley may be entitled to qualified immunity.  See e.g., Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).  Here again, Hibbert faces a significant challenge to prove a constitutional expectation of privacy under these circumstances and to overcome the qualified immunity defense.  The challenges are dependent on the sufficiency of her pleadings and the evidence.  The Court, again, at this point will not say that these challenges render her claim futile.  The Court believes that these issues under these circumstances are better addressed through a motion to dismiss or a motion for summary judgment.  The Court, therefore, will not deny the motion on the grounds of futility.

These challenges to Hibbert's proposed claim against Ley, however, demonstrate that the proposed amendment will undoubtedly cause significant delay in this case.  Ley will be entitled to move to dismiss the claims before answering.  The adjudication of that motion will cause delays.  If the claims survive a motion to dismiss, Ley will undoubtedly want to

conduct discovery to determine the basis of Hibbert's equitable tolling claim.  For example, Ley may want to discover how Hibbert was acting diligently, but was unable to discover her claim against him until four years after the events occurred and two years after she filed suit.  See Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir. 1992).  Ley will certainly want to discover the basis of Hibbert's claim that he is not entitled to qualified immunity.  Ley may also want to conduct discovery on the elements of the claim.  Hibbert, for example, claims that Ley has retained a copy of the recording of her having sex in October 2014.  Motion, attached Proposed Count III, ¶¶ 91-93.  Ley may want to discover information regarding that allegation.  He may also want to conduct discovery on other issues.

These delays will affect the Defendants.  Discovery has closed on the claims against the Defendants.  The matter is set for trial on July 17, 2018.  Text Order entered September 27, 2017.  If Hibbert adds her claim against Ley, the delays discussed above will very likely cause the trial to be delayed.  On the other hand, denying the Motion will deny Hibbert the right to seek redress for the alleged wrongdoing.

After careful consideration, the Court concludes in its discretion that Hibbert should be allowed to amend.  The sufficiency of the claim against

Ley will be better addressed through a motion to dismiss or at summary judgment. The amendment will result in some delays, but the Court determines that the potential delay is not sufficient to bar the amendment.

THEREFORE, IT IS ORDERED that Plaintiff Christina Hibbert's Motion for Leave to File Amended Complaint (d/e 17) is ALLOWED. Plaintiff is directed to file by April 15, 2018, an Amended Complaint that incorporates Counts I, II, and III into a single document. Defendants are directed to respond to the Amended Complaint by April 30, 2018. Plaintiff shall serve Ley with the Amended Complaint in accordance with Federal Rule 4, and he shall be entitled to respond in accordance with Federal Rule 12(a). This matter is set for a telephonic status conference on Thursday, May 10, 2018, at 2:00 p.m. for discussion of a schedule for additional discovery, if needed. The April 15, 2018 deadline for dispositive motions is suspended. The revised dispositive motion deadline and pretrial and trial dates will be addressed at the status conference.

ENTER: April 3, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE